1  CDF LABOR LAW LLP
2      Dawn M. Irizarry, State Bar No. 223303
       dirizarry@cdflaborlaw.com
       Carolina A. Schwalbach, State Bar No. 280783
3      cschwalbach@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
   Telephone: (213) 612-6300
5
   Attorneys for Defendants
6  ERMC AVIATION LLC (erroneously sued as
   ERMC Aviation, LLC) and improperly named
7  defendant Unifi Aviation, LLC (erroneously sued as
   UNIFI Services, LLC)
8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  JOHN DOE, an individual,            ) Case No. 2:23-cv-02612-SB-MAR
                                        )
13              Plaintiff,              ) (Removed from Los Angeles County
            vs.                         ) Superior Court Case No.
14                                      ) 23TRCV00340)
    ERMC AVIATION, LLC, a Delaware      )
15  limited liability company; UNIFI    ) **DEFENDANT ERMC AVIATION**
    SERVICES, LLC a Delaware limited    ) **LLC'S OPPOSITION TO**
16  liability company; and DOES 1-25,   ) **PLAINTIFF'S MOTION TO**
    inclusive,                          ) **REMAND CASE TO LOS ANGELES**
17                                      ) **SUPERIOR COURT**
                Defendants.             )
18                                      ) Date:   May 26, 2023
                                        ) Time:   8:30 a.m.
19                                      ) Dept:   Courtroom 6c
                                        )
20  _____) Action Filed:  February 6, 2023

21

22

23

24

25

26

27

28

## I. **INTRODUCTION**

There is no dispute that Plaintiff John Doe ("Plaintiff") and Defendant ERMC AVIATION LLC (erroneously sued as ERMC Aviation, LLC) ("Defendant" or "ERMC") are diverse and that the amount in controversy in this matter exceeds $75,000. Nevertheless, Plaintiff improperly challenges this Court's jurisdiction through his Motion to Remand by reference to Doe defendants. Plaintiff's arguments are flawed and misplaced for several reasons. First, it is well-established that Doe defendants are (as a matter of law) disregarded for purposes of diversity jurisdiction; Plaintiff's reliance on either misstated or unpersuasive case law does not change this fact. Second, procedurally, Plaintiff has not sought to join the former employee at issue as a Defendant (an individual whose diversity has not been established); as such, Plaintiff's Motion to Remand is premature. Third, even if Plaintiff had made an attempt to join the individual as a Defendant, there is no viable claim that can be pled against that individual, the individual is not an indispensable party, and it is apparent that any such attempt would be solely designed to defeat diversity jurisdiction.

Accordingly, Plaintiff's motion for remand must be denied as removal was proper based upon diversity jurisdiction.

## II. **STATEMENT OF FACTS**

On or about February 6, 2023, Plaintiff John Doe ("Plaintiff") commenced this action by filing an unverified Complaint in the Superior Court of California, County of Los Angeles, captioned *John Doe v. ERMC Aviation, LLC*; and DOES 1-25 inclusive. In the Complaint, Plaintiff asserts claims for: (1) negligent hiring, supervision, and retention of employee; (2) negligent failure to warn, train or educate; (3) sexual harassment — Civil Code § 51.9; (4) and intentional infliction of emotional distress. *See* Complaint ("Compl."), *generally*. These claims are, in part, premised on an alleged interaction by and between Plaintiff and a former employee of Defendant ("Former Employee") Compl., ¶¶ 12-14.

On April 5, 2023, Defendant filed an Answer to the Complaint. *See* Doc. No. 1., Ex. B.  On April 6, 2023, Defendant timely removed the action to federal court on the grounds that federal jurisdiction exists. *See* Doc. No. 1.[1] Specifically, as set forth in the Notice of Removal, the amount in controversy exceeds $75,000 (*which is undisputed*) and the only real parties in this case are citizens from different states. *See* Doc. No. 1. On April 28, 2023, Plaintiff filed his motion to remand.

### III.  LEGAL ARGUMENT

**A.**   **Doe Defendants Are Disregarded For Purposes of Establishing Diversity Jurisdiction.**

**1.**   **Plaintiff's Motion to Remand Is Procedurally Improper.**

As an initial matter, pursuant to the plain language of 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded"), courts will not consider the citizenship of Doe defendants **until** plaintiffs seek leave to substitute a named defendant. *McAvoy v. Lowe's Home Centers LLC*, 2022 WL 2072672, at *5 (C.D. Cal. June 9, 2022); *Garcia v. Walmart, Inc.*, 2022 WL 796197, at *3 (C.D. Cal. Mar. 16, 2022) (disregarding the citizenship of Doe defendants for the purpose of diversity jurisdiction and remand until the plaintiff seeks leave to substitute a named defendant).  Here, Plaintiff has done no such thing, and as such, this Motion is premature.  Nevertheless, it is worth noting that, even if he had, any such request for leave to join the Former Employee should be denied for the reasons set forth below at Section III(B).

///

---

[1] As of the date of removal, only Defendant had been served with the Summons and Complaint in this matter but Defendant Unifi Aviation, LLC (erroneously sued as Unifi Services, LLC) ("Unifi") had not been served with the Summons and Complaint in this matter.  *See Id.*, Ex. A; Doc. No. 1-1, ¶ 2; *See* Doc. No. 1-2, ¶ 2. Given Plaintiff's express admission that "Plaintiff erroneously named and served Unifi Services, LLC as a defendant to this action. *Id*. Upon further investigation Plaintiff learned that the defendant Unifi Services, LLC was improper…" (Motion to Remand, p. 3). Defendant expects Plaintiff to dismiss Unifi from this matter.

2. **Plaintiff's Arguments Are Only Supported by Inapplicable and/or Unpersuasive Caselaw.**

Plaintiff relies on inapplicable and/or overturned case law in support of his argument that this matter should be remanded to state court because of the citizenship of an unnamed Doe defendant.  For instance, Plaintiff cites to *Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150 (M.D. Ala. 1995) ("*Marshall*") in support of his assertion that "Doe" defendants might not be disregarded where the complaint describes them sufficiently to prevent any real question as to their identity." *See* Doc. No. 10 at 5-7. As noted by this Court, "*Marshall* is manifestly not 'controlling authority,' and is contrary to Ninth Circuit precedent." *Dedal v. Covenant Aviation Sec. LLC*, 2019 WL 2996389 (N.D. Cal. July 9, 2019). *Dedal*, 2019 WL 2996389, at *1.  The Court further noted:

> In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded... our circuit has repeatedly applied this clear statutory mandate, which has been on the books since 1988.

*Id*; *see also Norwood v. Tractor Supply Co., Inc.*, 2012 WL 13026678, (N.D. Ala. Apr. 10, 2012) (specifically declining to follow *Marshall* and holding that "28 U.S.C. § 1441(b)(1) is not subject to an exception for specifically identified fictitious defendants.")  Moreover, *Marshall* is clearly distinguishable as in that case, ***following amendment of the complaint substituting a fictitious defendant***, diversity was destroyed. *Marshall*, 916 F. Supp. 1150.  Here, not only has Plaintiff not filed a motion to join any additional named defendants (a request which would be without merit), but Plaintiff has not provided any support for the proposition that the individual at issue is a California citizen.

Similarly, Plaintiff's reliance on *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080 (C.D. Cal. 2020) ("*Johnson*") is misguided. *Johnson* does not apply in the context of removal and is not persuasive authority. *Johnson*, 475 F. Supp. 3d at 3. In

*Johnson*, the court held that a former employee alleged sufficient facts regarding Doe defendants (homeless individuals) to establish they were not wholly fictitious, but instead were real parties to his action. *Johnson*, 475 F. Supp. 3d 1080. In declining to follow *Johnson* and denying remand, the court in *Garcia*, 2022 WL 796197, clarified that the reasoning of Johnson *does not apply in the removal context* –only in diversity case(s) originally filed in federal court, stating in pertinent part that:

> *Johnson* relied on the reasoning in *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029 (E.D. Cal. 2015), but fail to consider *Gardiner's* distinct procedural posture. Specifically, in *Gardiner*, the court discussed whether the presence of Doe defendants in a diversity case originally filed in federal court destroys diversity. Thus, because the various cases that extend *Gardiner* to the removal context gloss over the clear language in § 1441(b)(1) and subsequent case law like *Solimon*, 311 F.3d at 971, the Court does not find them persuasive.

*Id*. at 3 (also holding that only when Plaintiff "seeks leave to substitute a named defendant" will the citizenship question become relevant).  As such, *Johnson* is inapplicable in considering remand and should therefore be disregarded in relation to the instant Motion.

Further, Plaintiff's synopsis of *Robinson v. Lowe's Home Centers, LLC*, 2015 WL 13236883, (E.D. Cal. Nov. 13, 2015) ("*Robinson*") is erroneous. The court in *Robinson* simply noted that "the [*Gardiner*] Court recently attempted to reconcile the convoluted and unsettled case law on this subject [of whether Doe defendants may destroy diversity]," and ***went on to disregard the Doe defendants in determining diversity jurisdiction and deny the plaintiff's motion for remand***. *Robinson, LLC*, 2015 WL 13236883, at *4.

As such, it remains that Doe Defendants should be disregarded for purposes of establishing citizenship and removal in this matter was proper as there is diversity pursuant to 28 U.S.C. section 1332(a).

///

///

**B.** **Even If Plaintiff Had Sought Leave To Join Another Defendant (Which He Did Not) Fraudulent Joinder Does Not Destroy Diversity Jurisdiction**

28 USC § 1447 gives the court discretion either to deny the joinder and retain the case or allow the joinder and remand it to state court. 28 USC § 1447(e). The Ninth Circuit has established that a party may show fraudulent joinder "if the plaintiff fails to state a viable cause of action against the defendant according to state law." *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). When analyzing a complaint to determine whether a viable claim has been alleged against a defendant, the court will deem all facts alleged in the complaint as admitted but ignore mere conclusions that an act is wrong or unlawful. *Schultz v. Astrazeneca*, 2006 WL 3797932 (9th Cir. 2006). As set forth below, any joinder request would be improper and for no other purpose than to destroy diversity jurisdiction.

    **1.** **There Is No Legal Theory Under Which The Former Employee At Issue Would Be Liable To Plaintiff.**

Plaintiff has alleged the following four causes of action against DOES 1-25 in his complaint, none of which are legally viable against the Former Employee: (1) negligent hiring, supervision, and retention of employee; (2) negligent failure to warn, train or educate; (3) sexual harassment — Civil Code § 51.9; (4) and intentional infliction of emotional distress. *See* Compl., *generally*. Neither of Plaintiff's claims can be advanced against the Former Employee.

        **a.** **An Employee May Not Be Held Liable Pursuant to California Labor Code § 2802 For Acts Within The Scope of An Employee's Performance.**

The Ninth Circuit has established that a party may show fraudulent joinder by proving that "an individual joined in the action cannot be liable on any theory." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). California Labor Code requires [a]n employer to defend and indemnify an employee who is sued by third persons for conduct in the discharge of his duties, even though unlawful. Cal.

DEFENDANT ERMC AVIATION LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Lab. Code § 2802(a). "Given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity." *Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1027 (S.D. Cal. 2021).

Here, each cause of action in the complaint was brought against ERMC on a *respondeat superior* theory (Compl. ¶¶ 10-11, 43-44, 47-49, 52) and Plaintiff specifically alleges that the Former Employee interacted with him within the course and scope of the Former Employee's employment. (Compl. ¶ 3.) As such, under Cal. Lab. Code § 2802(a), Defendant is the proper party to respond to the allegations as pled until there is a finding as to whether the Former Employee acted within the course and scope of her job. Thus, Plaintiff has not alleged a theory of liability outside the scope of the Former Employees' employment illustrating that any joinder would be merely fictitious.

> **b.** **Plaintiff's First and Second Cause of Action Cannot Be Asserted Against An Employee.**

A cause of action for negligent hiring, supervision, and retention of [an] employee can only be pursued against an **employer, not an employee**. *Doe v. Capital Cities*, 50 Cal.App.4th 1038, 1054 (1996)("California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee."); *see also* CACI 426. It is alleged that the Former Employee was an *employee* of Defendant and "interacted with Plaintiff within the course and scope of her employment." Compl., ¶ 3. Accordingly, Plaintiff cannot pursue his first cause of action for negligent hiring, supervision, and retention against the Former Employee. Similarly, while there is no separate cognizable cause of action for [employer] negligent failure to warn, train or educate, Plaintiff's second cause of action would fail as to the Former Employee for the same reason. *See* CACI series 426 ("on the negligent supervision and failure to warn claims, plaintiff will be required to show **defendant employer** knew or should have known of employee's

DEFENDANT ERMC AVIATION LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND

1  alleged misconduct and did not act in a reasonable manner...”).

2          **c.**      **Plaintiff Cannot Establish The Business Relationship Needed**

3               **To Plead a Section 51.9 Claim Against The Former Employee.**

4         Plaintiff's third cause of action for sexual harassment under Section 51.9

5  applies to sexual harassment in certain **business relationships** between the parties,

6  outside the workplace. *Hughes v. Pair*, 46 Cal. 4th 1035, 1045 (2009); *see also*

7  *Ramirez v. Wong*, 188 Cal.App.4th 1480, 1487 (2010) (Civil Code Section 51.9

8  applies to sexual harassment in certain business relationships outside of

9  employment.). The elements of a cause of action for sexual harassment pursuant to

10  Civil Code § 51.9 are:

11          (1) Plaintiff's qualifying business, service or professional

12  relationship, (2) plaintiff could not easily terminate the relationship; (3) defendant's conduct: (a) sexual advances, solicitations, sexual requests, demands for sexual

13  compliance by plaintiff; or (b) other verbal, visual, or physical conduct of a sexual or hostile nature, based on

14  gender; (4) the conduct was unwelcome and pervasive or severe; and (5) the conduct caused: (a) economic loss; (b)

15  disadvantage; or (c) personal injury.

16  *Hughes v. Pair*, 46 Cal.4th 1035, 1044-49 (2009). The statute sets out a nonexclusive

17  list of provider relationships, which includes physicians, psychiatrists, dentists,

18  attorneys, real estate agents, accountants, bankers, building contractors, executors,

19  trustees, landlords, and teachers; also falling within the statute's reach is sexual

20  harassment in any “relationship that is substantially similar to” those specifically

21  listed. *Ibid.*; Civ.Code, § 51.9, (a)(1)(A)-(F); *see also Hughes*, 46 Cal. 4th at 1044.

22  There are no facts suggestive of a qualifying relationship between Plaintiff and the

23  Former Employee. Comp., ¶ 40 (“there was a special relationship, including, but not

24  limited to a business and professional relationship, between Plaintiff and

25  defendants”).  Mere conclusions of law are insufficient, and Plaintiff cannot maintain

26  a Section 51.9 claim against the Former Employee under the facts pled.  *Schultz*,

27  2006 WL 3797932, at *3 (“an allegation that an act is wrongful and unlawful is a

28  mere conclusion and conclusions of law are not admitted”).

1      **2.    There Is No Possible IIED Claim Against The Former Employee.**

2          Plaintiff's fourth cause of action for intentional infliction of emotional distress

3      ("IIED") predicated on a Section 51.9 claim is barred for the same reasons discussed

4      above. *See Galvan v. Walt Disney Parks & Resorts, U.S., Inc.*, 425 F. Supp. 3d 1234,

5      1245–46 (C.D. Cal. 2019)("Again, because Defendant did not violate the ADA or the

6      Unruh Act[2] here, Plaintiff's IIED claims necessarily fail.")

7          Moreover, to establish an IIED claim, a plaintiff must prove that:

8              (1) defendant's conduct was outrageous; (2) defendant
               intended to cause plaintiff severe or extreme emotional
9              distress or acted with reckless disregard of the probability
               that plaintiff would suffer severe or extreme emotional
10             distress; (3) plaintiff suffered severe or extreme emotional
               distress; (4) defendant's outrageous conduct caused the
11             severe emotional distress; and (5) plaintiff suffered
               damages.

12

13         Further, Plaintiff has not alleged outrageous conduct: Plaintiff's sole allegation

14     against the Former Employee is based on a **single** interaction that Plaintiff (a male)

15     entered a restroom being cleaned by the (female) Former Employee and that the

16     Former Employee took a picture of him with a camera presumably to document the

17     interaction.  Compl., ¶¶ 12, 16.  There is no allegation or support for the proposition

18     that this single interaction demonstrates that the Former Employee acting with the

19     "intent" to cause Plaintiff (someone the Former Employee did not know before this

20     interaction) any emotional distress.  Similarly, Plaintiff has not alleged facts showing

21     severe emotional suffering or distress: Complete emotional tranquility is seldom

22     attainable in this world, and some degree of transient and trivial emotional distress is

23     a part of the price of living among people. *Pitman v. City of Oakland*, 197

24     Cal.App.3d 1037, 1047 (1988).  The law intervenes only where the distress inflicted

25     is so severe that no reasonable man could be expected to endure it. *Id*. The intensity

26     and duration of the distress are factors to be considered in determining its severity.

27     _____

28     [2] Cal. Civ. Code § 51.9 is part of the Unruh Act. *See* Cal. Civ. Code § 51 *et seq.*

DEFENDANT ERMC AVIATION LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND

CDF Labor Law LLP

2179582.6

*Id.* The mere allegation that a plaintiff suffers severe emotional distress, without facts indicating the nature or extent of any mental suffering incurred as a result of the defendant's alleged outrageous conduct, is insufficient to state a cause of action for intentional infliction of emotional distress. *Id.*  In *Pitman v. City of Oakland*, allegations of shame, humiliation, embarrassment and loss of employment were insufficient to sustain an IIED claim. *Id.* Plaintiff merely makes the same boilerplate allegations here. Compl., ¶ 51.

Thus, Plaintiff cannot maintain an IIED claim against the Former Employee based on the facts pled.

### 3. **The Former Employee Is Not An Indispensable Party**

When the inclusion of a defendant in the present case is not necessary to afford plaintiff the ability to obtain complete relief, this factor weighs against permitting remand. *Rojas*, 538 F. Supp. 3d at 1027.  Fed. R. Civ. P. 21 gives courts the discretion to dismiss a party from the suit in order to perfect diversity jurisdiction, provided that she is not an indispensable party under Fed. R. Civ. P.19.  *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1057 (9th Cir. 2016); *see also* FED. R. CIV. P. 21 (providing that "[m]isjoinder of parties is not a ground for dismissing an action," and that a "court may at any time, on just terms, add or drop a party"). "Settled authorities have held that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Rojas*, 538 F. Supp. 3d at 1029. A plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992). Plaintiff does not dispute that defendants are jointly and severally liable. As such, and for the reasons set forth above, there is no basis to join the Former Employee to this suit.

### C. **Fees and Costs Under 28 U.S.C. Section 1447(c) Are Not Warranted.**

28 U.S.C. section 1447(c) provides that when remand is ordered, the Court

DEFENDANT ERMC AVIATION LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND

may award costs and attorneys' fees incurred as a result of an improper removal.  As the Supreme Court has stated, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005).  Thus, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008).  Instead, the objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id.* at 1066–67; *accord, Victoriano v. Classic Residence Management LP.,* 2015 WL 3751984 at *7 (S.D. CA. 2015).

Defendant had a reasonable basis for removal, as the elements for removal jurisdiction (diversity and amount in controversy) were met (which Plaintiff does not dispute).  Similarly, and for the reasons set forth above, Defendant has a reasonable basis to contend that this matter is properly before this Court irrespective of the Former Employee's citizenship.  As for that, it is worth noting that Plaintiff's argument that Defendant is aware of the Former Employee's citizenship is specious since, as highlighted by Plaintiff, the Former Employee is no longer employed.  In addition, Plaintiff presents no basis to conclude that Defendant removed this case for the purpose of prolonging the litigation and to impose costs on the Plaintiff—such is not the case.

As such, even if remand is ordered, fees and costs are not warranted.

DEFENDANT ERMC AVIATION LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND

# IV. CONCLUSION

Due to the fact that diversity jurisdiction exists, as set forth above, Defendant respectfully request this Court to deny Plaintiff's Motion to Remand.

Dated:  May 5, 2023                          CDF LABOR LAW LLP
                                             Carolina A. Schwalbach

                                      By: _____
                                             Dawn M. Irizarry
                                      Attorneys for Defendants
                                      ERMC AVIATION LLC (erroneously sued as
                                      ERMC Aviation, LLC) and improperly named
                                      defendant Unifi Aviation, LLC (erroneously sued as
                                      UNIFI Services, LLC)

DEFENDANT ERMC AVIATION LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND

CDF LABOR LAW LLP

2179582.6

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for ERMC AVIATION LLC (erroneously sued as ERMC Aviation, LLC) and improperly named defendant Unifi Aviation, LLC (erroneously sued as UNIFI Services, LLC), certifies that this brief contains 124 words, which complies with the word limit of L.R. 11-6.1.

Date: _____May 5, 2023_____          CDF Labor Law LLP

By: _____
        Dawn M. Irizarry

1

## **PROOF OF SERVICE**

2

3          STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

4

5          I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, CA 90017.

6   On May 5, 2023, I served upon the interested party(ies) in this action the following document described as: DEFENDANT ERMC AVIATION LLC'S OPPOSITION

7   TO PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT

8          By the following method:

9

10  Briana M. Givens
    Monique S. Larmond
    GIVENS & LARMOND LAW GROUP, LLP

11  5777 W. Century Blvd., Suite 1110,
    Office 125

12  Los Angeles, CA 90045

13         E-MAIL: bgivens@thegllaw.com: mlarmond@thegllaw.com

14         For processing by the following method:

15  [X]    **via CM/ECF (registered)**:  I hereby certify I electronically filed the above-referenced document(s) and that they are available for viewing and

16  downloading on the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the

17  CM/ECF system.

18         I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20         I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

21         Executed on May 5, 2023, at Los Angeles, California.

22

23         Levon Baghdasaryan                                _____
           _____
              (Type or print name)                              (Signature)

24

25

26

27

28

                                          14

CDF Labor Law LLP

2179582.6