UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>v.<br><br>ERMC AVIATION LLC et al.,<br><br>  Defendants. | Case No. 2:23-cv-02612-SB-MAR<br><br>ORDER DENYING MOTION TO REMAND [DKT. NO. 10] |

  Plaintiff John Doe filed this action in Los Angeles County Superior Court, alleging various state law claims against Defendants ERMC Aviation LLC (ERMC), UNIFI Services LLC, and unnamed Defendants arising from an incident of alleged sexual harassment.[1]  Invoking diversity jurisdiction, ERMC removed.  Dkt. No. 1.  Plaintiff now moves to remand.  Dkt. No. 10.  The Court finds this matter suitable for decision without oral argument and vacates the May 26, 2023 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

  A defendant may generally remove a civil action to federal court when jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.  In determining whether a case is removable on the basis of diversity, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).

---

[1] Plaintiff states he "erroneously named and served Unifi Services, LLC as a defendant to this action."  Dkt. No. 10 at 3.  The current complaint is the same operative pleading at the time of removal.

     Plaintiff concedes that he and ERMC are citizens of different states but argues that remand is required because one of the unnamed defendants, the alleged perpetrator of the sexual harassment, is a citizen of California and was described with sufficient particularity in his complaint. Dkt. No. 10 at 5–7 (citing *Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150 (M.D. Ala. 1995)). However, the Ninth Circuit has stated that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *see Mcavoy v. Lowe's Home Centers LLC*, No. 22-cv-2417-SVW, 2022 WL 2072672, at *5 (C.D. Cal. June 9, 2022) ("Pursuant to the plain language of the statute and relevant case law, this Court will not consider the citizenship of Doe defendants until Plaintiffs seek leave to substitute a named defendant."). Also unavailing is Plaintiff's assertion that his "intent has always been to file an amended complaint, adding the perpetrator as a party to the case upon receipt of her demographic information." Dkt. No. 15 at 3. In evaluating Plaintiff's remand motion, the Court considers its jurisdiction based on the pleading before it, not based on an anticipated future pleading.

     Accordingly, because the named parties in the current complaint are diverse and it is undisputed that the amount in controversy exceeds $75,000, Plaintiff's motion to remand is DENIED. In denying the motion, the Court does not address the dispute between the parties about whether the nondiverse perpetrator can be properly added to the complaint. That issue, as a procedural matter, has not been properly raised. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). If Plaintiff wishes to seek leave to amend his complaint to name the nondiverse perpetrator as a Defendant (thereby defeating diversity jurisdiction and requiring remand), he shall promptly meet and confer with Defendants and shall file his motion for leave to amend under § 1447(e) within 10 days after entry of this order.

Date: May 16, 2023

                                      Stanley Blumenfeld, Jr.
                                      United States District Judge